# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1925

_____

United States of America,

        Appellee,

v.

Ronald Leon Robinson,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*
\*

_____

Submitted: January 11, 2010
Filed: June 24, 2010

_____

Before SMITH and COLLOTON, Circuit Judges, and KORNMANN,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Ronald Leon Robinson pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). At sentencing, when calculating the advisory sentencing guideline range, the district court applied a six-level increase pursuant to USSG § 3A1.2(c)(1), on the ground that Robinson assaulted a person during the course of the offense, knowing or having reasonable cause to believe that the person was a law enforcement officer. After applying the increase,

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

the court determined an advisory guideline range of 120 months' imprisonment, which was the statutory maximum punishment, and sentenced Robinson to that term. We conclude that the district court committed procedural error in calculating the advisory range, and we therefore remand for resentencing.

According to facts stipulated in Robinson's plea agreement, Officer John Scott of the Edgar Springs, Missouri, Police Department approached Robinson's mobile home on February 8, 2008. Scott had received a complaint of excessive noise, and he heard loud music emanating from Robinson's home. Scott knocked on the front door and identified himself as a police officer. Robinson told Scott to go away. Scott knocked and identified himself again. Robinson again told him to leave. After Scott knocked and identified himself a third time, Robinson responded that Scott should get off Robinson's porch. Scott then saw two flashes and heard two gunshots from inside Robinson's mobile home.

Scott took cover behind his patrol car and summoned assistance. Robinson eventually opened his front door, left the mobile home, and surrendered to police. Officers searched the mobile home and found two bullet holes near the front doorway, a box of .22 caliber ammunition in an open drawer in the kitchen, a .22 caliber pistol in an open cabinet in the kitchen, and two spent .22 caliber shell casings on the floor of the living room. The pistol had a capacity of ten rounds, and it was loaded with eight. No one else was present in the mobile home.

Robinson pleaded guilty to unlawful possession of the pistol. In a written plea agreement, the parties noted their disagreement as to whether the six-level increase of § 3A1.2(c)(1) should apply. At sentencing, Robinson admitted that he fired the weapon while Scott was on the porch, but disputed whether he knew or had reason to know that the person knocking on the door was a law enforcement officer. He cited the loud music in the mobile home as a reason why the government failed to prove that Robinson heard Scott's announcements of his identity, and he asked to present

evidence in support of his position. Robinson's *mens rea* was a significant issue, because the advisory guidelines provide for a six-level increase "[i]f, in a manner creating a substantial risk of serious bodily injury, the defendant . . . *knowing or having reasonable cause to believe that a person was a law enforcement officer*, assaulted such officer during the course of the offense or immediate flight therefrom." USSG § 3A1.2(c)(2) (emphasis added).

The district court found that the government had established that Robinson knew or had reasonable cause to believe that Scott was a law enforcement officer when Robinson fired his pistol inside the mobile home. We review this finding for clear error. *United States v. Hill*, 583 F.3d 1075, 1077 (8th Cir. 2009).

In determining that the six-level increase applied, the district court relied exclusively on the stipulated facts in the plea agreement. The court observed that Robinson had agreed that Officer Scott knocked three times on the front door and announced his identity as an officer three times. Robinson conceded these facts, but argued that he never stipulated that he knew that the person knocking on the door was a police officer. The court ultimately declined to hear evidence from witnesses on behalf of the defense (or the prosecution), concluding that there was "an inconsistency" between the stipulation of facts and Robinson's objection to the increase under § 3A1.2(c). The court reasoned that Robinson's knowledge was "not an issue anymore," because "it is a question of stipulated fact." On that basis, the court did not see "any reason to have any testimony on the issue of whether the defendant knew or had reasonable cause to believe that the person at the door was a police officer."

On appeal, Robinson challenges the district court's application of § 3A1.2(c). We conclude that the district court clearly erred in finding that Robinson had stipulated to the requisite knowledge, or reasonable cause to believe, that Scott was an officer. Robinson simply did not stipulate to the element of knowledge. He agreed

that Scott had knocked on the door and announced his identity, but he did not agree that he heard Scott's announcement or that he knew or had reasonable cause to believe that an officer was at the door.

The government argues that the stipulated facts are more than sufficient to support an inference that Robinson knew or had reasonable cause to know that the person knocking on the door was an officer. But the district court did not make an independent finding, based on the circumstantial evidence, about Robinson's knowledge, and the court did not permit the parties to adduce evidence that might bear on that question. Instead, the court ruled that the issue was already resolved as a matter of stipulated fact. This was clear error, because Robinson made no such stipulation. We thus have no occasion to address the sufficiency of the evidence to support an inference that the district court did not articulate.

For these reasons, we vacate Robinson's sentence and remand for further proceedings, at which time the district court may receive evidence from both parties on the application of § 3A1.2(c).

_____